# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHASE CARMEN HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-1266-R |
| | ) | |
| MIDLAND MORTGAGE, a division of | ) | |
| MIDFIRST BANK, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff filed this action seeking declaratory and injunctive relief against Defendant Midland Mortgage, a division of Midfirst Bank. In the Complaint Plaintiff alleges that this case arises under 42 U.S.C. § 1983, § 1985, § 1986, and that the Court has jurisdiction under 28 U.S.C. § 1331 and § 1332. She filed a Motion for Temporary Restraining Order (Doc. No. 2), a Motion for Password for Electronic Filing (Doc. No. 4), and has been granted leave to proceed *in forma pauperis* (Doc. No. 5), which results in screening of this action pursuant to Title 28 U.S.C. § 1915.

Section 1915(e)(2)(B) of the United States Code, Title 28, states as follows:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
\*\*\*
(B) the action or appeal—
    (i) is frivolous or malicious;
    (ii) fails to state claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).[1] A complaint is frivolous "where it lacks an arguable basis in either law or fact." Although *sua sponte* dismissals are generally disfavored by the courts, the court may dismiss an action pursuant to 28 U.S.C. § 1915(e)(2) "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Zapata v. Public Defenders Office*, 252 Fed.Appx. 237, 238 (10th Cir.2007) (quoting *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920 (2007)).

Plaintiff's alleges Defendant has provided information to persons posing as Plaintiff with regard to payoff of her mortgage. She contends that third parties are attempting to steal her home, located in Virginia, in an attempt to collect on a void and fraudulent judgment entered against her in the amount of $10,000,000 in a Florida state court.

Plaintiff seeks relief, in part, based on the Declaratory Judgment Act. The Act, however, does not provide a basis for jurisdiction. Rather, it permits the Court to exercise its discretion to issue a declaratory judgment assessing the rights of parties, if jurisdictional prerequisites are fulfilled. The Court finds that Plaintiff has failed to establish that the Court has subject matter jurisdiction over this action, and therefore, dismissal is appropriate.

Plaintiff's reliance on 42 U.S.C. § 1983 is misplaced, because § 1983 creates a private cause of action when persons acting under color of state law violate a person's constitutional rights. A private person is not liable under 42 U.S.C. § 1983, and therefore Plaintiff cannot

---

[1] Although Plaintiff is apparently not a prisoner as defined by 28 U.S.C. § 1915: "'[s]ection 1915(a) applies to all persons applying for IFP status, and not just to prisoners.'" *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir.2013) (alteration in original) (quoting *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005)).
*Judy v. Obama*, 601 F. App'x 620, 621 (10th Cir. 2015)**.**

rely on this section to invoke the Court's jurisdiction.

42 U.S.C. § 1985 provides a cause of action for conspiracy to violate a person's civil rights, if the conspiracy is "motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1983)(quotation omitted). Plaintiff makes insufficient allegations regarding an agreement to violate her rights and no allegations that could be construed as alleging racial discrimination. Rather, with regard to the named Defendant, she argues the bank was duped into granting information to the persons attempting to steal her house to satisfy the fraudulent judgment. Absent agreement, there can be no conspiracy. Finally, 42 U.S.C. § 1986 does not provide a cause of action against Defendant. Pursuant to § 1986, a plaintiff can bring a civil action for damages against a party who knows that a 42 U.S.C. § 1985 violation will occur, has the power to prevent it, and fails to do so. *See* 42 U.S.C. § 1986. In light of the absence of any allegations of a § 1985 conspiracy, a § 1986 claim cannot stand either.

Plaintiff also alleges diversity jurisdiction. Although Plaintiff properly pleads that she and Defendant are of diverse citizenship, there are no factual allegations to support her contention that the $75,000.00 amount in controversy requirement has been met. Plaintiff does not request damages, but rather states:

> Hunter moves for the issuance of a declaratory judgment and a permanent injunction that explicitly enjoins the Respondent from communicating with any third party or accepting any communications or documents from any third party regarding Hunter's loan or Hunter's house without Hunter's explicit written approval and such written approval must be received with Hunter's original signature and said signature must be affixed to said written approval in the presence of a notary. In addition, the injunction shall enjoin the

3

> Respondent from accepting money, checks, wire transfers, and any and all other types of currency from any third party as payment toward Hunter's loan without the same written approval and such written approval must be received with Hunter's original signature and said signature must be affixed to said written approval in the presence of a notary.

Complaint, pp. 9-10. The Court cannot anticipate that the cost to Defendant of providing the relief sought would exceed $75,000.00. *See Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). As such, Plaintiff has failed to establish the existence of diversity jurisdiction.

The Court has fulfilled its obligation to screen Plaintiff's complaint and finds that she has failed to state a claim against Defendant. The Court further concludes that amendment would be futile, even giving liberal construction to her allegations. As such, her Complaint is hereby DISMISSED, and her Motion for Password for Electronic Filing and Motion for Temporary Restraining Order without Notice are DENIED AS MOOT.

IT IS SO ORDERED this 7th day of December, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE