# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHASE CARMEN HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-1266-R |
| | ) | |
| MIDLAND MORTGAGE, a division of | ) | |
| MIDFIRST BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court *sua sponte* dismissed Plaintiff's action against MidFirst Mortgage wherein she sought injunctive and declaratory relief on December 7, 2015 pursuant to 28 U.S.C. § 1915(e)(2)(B). She alleged in her Complaint that Defendant has provided information to persons posing as Plaintiff with regard to payoff of her mortgage. She contends that third parties are attempting to steal her home, located in Virginia, in an attempt to collect on a void and fraudulent judgment entered against her in the amount of $10,000,000 in a Florida state court. Plaintiff has filed a Motion for Relief from the Court's Order, arguing therein that the Court erred in concluding that it lacked subject matter jurisdiction over the case because Plaintiff had pled sufficient facts to support an amount in controversy sufficient to permit the Court to exercise jurisdiction on the basis of diversity of citizenship. The Court concluded in its prior order that although Plaintiff properly pled that she and Defendant are of diverse citizenship, there were no factual allegations to support her contention that the $75,000.00

amount in controversy requirement has been met. Plaintiff had not requested damages, but rather states:

> Hunter moves for the issuance of a declaratory judgment and a permanent injunction that explicitly enjoins the Respondent from communicating with any third party or accepting any communications or documents from any third party regarding Hunter's loan or Hunter's house without Hunter's explicit written approval and such written approval must be received with Hunter's original signature and said signature must be affixed to said written approval in the presence of a notary. In addition, the injunction shall enjoin the Respondent from accepting money, checks, wire transfers, and any and all other types of currency from any third party as payment toward Hunter's loan without the same written approval and such written approval must be received with Hunter's original signature and said signature must be affixed to said written approval in the presence of a notary.

Complaint, pp. 9-10. The Court concluded that based on her allegations it could not anticipate that the cost to Defendant of providing the relief sought would exceed $75,000.00. *See Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Plaintiff challenges the Court's conclusion in this regard, asserting that the fact that the property at issue, that is the property to which the loan is attached, is valued in excess of $100,000.00. Despite this information, however, the Court is unable to conclude that it erred in its conclusion that providing Plaintiff the relief sought would exceed $75,000.00. Furthermore, although Plaintiff contends the Court failed to address her constitutional concerns, the prior Order dismissing this action correctly notes that Plaintiff failed to plead a cause of action. Plaintiff pled no facts that would enable her to hold the Bank, a private entity, responsible for allegedly violating her constitutional rights. Accordingly, Plaintiff's Motion for Relief is hereby DENIED.

IT IS SO ORDERED this 9th day of September, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE